G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd,. Suite 535
Toluca Lake, CA 91602
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA TURNER,<br><br>           Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>           Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. TAMARA TURNER (Plaintiff), through her attorneys, brings this action to secure redress from BANK OF AMERICA, NATIONAL ASSOCIATION (Defendant) for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning her personal banking account with Defendant as it pertained

to a failure of Defendant in crediting or refunding a certain sum of money into Plaintiff's account, despite said funds being withdrawn via fraudulent activity, by a person unknown to Plaintiff, and at a Bank of America financial center. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6. Plaintiff is a natural person residing in Los Angeles County, State of California.

7. Defendant is a corporation with its State of Incorporation being North Carolina.

## FACTUAL ALLEGATIONS

8. On or about October 20, 2020, Plaintiff left her home to purchase lunch for herself and her family at two (2) different restaurants.

9. Upon her visit to the second restaurant, Plaintiff was notified that her banking account/debit card was only approving a transaction of approximately $9.00, as that was all funds remaining in her account at the moment.

10. Upon return to her home, Plaintiff checked her account online.

11. To Plaintiff's shock and dismay, some unknown individual had made an in-person ATM withdraw, at an official Bank of American Financial Center, in the amount of $500.00. Plaintiff did not make this withdraw herself, did not authorize anyone to make the withdraw on her behalf, and was still in possession of her banking/debit card despite said withdraw taking place that day.

12. When Plaintiff noticed this mistake, she informed Defendant. The same day, October 20, 2020, Plaintiff made a phone call to Defendant and immediately advised of the fraudulent withdrawal. Defendant advised Plaintiff that the Fraud Department was closed and that Plaintiff would need to call back the following day to submit her claim/dispute.

13. On October 21, 2020, Plaintiff telephoned Defendant again and submitted her claim for fraud regarding the ATM withdrawal at issue.

14. On or about October 28, 2020, Defendant sent Plaintiff written correspondence denying Plaintiff's fraud claim.

15. The basis for Defendant's denial of Plaintiff's claim is scant at best. However, Defendant does indeed confirm that fraudulent or suspicious activity took place in regard to the fraudulent withdrawal, but nonetheless refused to refund or credit Plaintiff the $500 sum.

16. Despite Plaintiff's efforts, Defendant refused to perform any reasonable investigation regarding Plaintiff's dispute.

17. Defendant's alleged "investigation" into Plaintiff's dispute was clearly inadequate, not reasonable, not diligent, and failed to properly address Plaintiff's issues regarding the $500.00 fraudulent withdrawal.

18. Further evidencing Defendant's woefully inadequate investigation is the fact that Defendant has access to data, film, and other resources given that the fraudulent transaction took place at one of Defendant's own financial centers (i.e., not a third party ATM at convenience store, for example). Defendant could have

reasonably, easily and swiftly confirmed the $500.00 transaction as fraudulent and refunded or credited the funds over to Plaintiff's bank account.

19. Instead, Defendant failed to investigate properly, refused to credit or refund the transaction, while still nonetheless confirming that the withdrawal was subject to fraudulent activity.

20. What is more, not only is Plaintiff still without the benefit of her $500.00 refund, but Defendant's actions and refusal to credit has resulted in Plaintiff being unable to pay household bills and expenses and other additional expenditures all of which are a direct result of Defendant's failure to properly handle and resolve her dispute.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

21. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

22. Pursuant to 15 U.S.C. §1693f(f)(2), an "error" as described above includes an incorrect electronic fund transfer from or to the consumer's account.

23. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been

drawn from the evidence available to the financial institution at the time of its investigation.

24. Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TAMARA TURNER respectfully requests judgment be entered against Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, for the following:

25. Statutory damages of $1,000.00 per 15 U.S.C. §1693m;
26. Actual damages per 15 U.S.C. § 1693m;
27. Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;
28. Treble Damages;
29. For prejudgment interest at the legal rate; and
30. Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

                                                         RESPECTFULLY SUBMITTED,

Dated: November 24, 2020        **MARTIN & BONTRAGER, APC**

                                                         By: /s/ Nicholas J. Bontrager

                                                                Nicholas J. Bontrager
                                                                *Attorney for Plaintiff*